**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4955

TERRENCE TROY BOOKHARD,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-95-835)

Submitted: August 19, 1997

Decided: September 3, 1997

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carl B. Grant, Columbia, South Carolina, for Appellant. Jane Barrett
Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Colum-
bia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Terrence Troy Bookhard pleaded guilty to possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994), and carrying a firearm in violation of 18 U.S.C. § 924(c)(1) (1994). The court sentenced Bookhard to seventy months for the possession of cocaine count, a mandatory sixty month term for the firearm count, and four years supervised release. Bookhard appeals his conviction and sentence. Bookhard's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Bookhard's guilty plea and whether the court properly imposed Bookhard's sentence under the Sentencing Guidelines. Counsel asserts that there are no meritorious grounds for appeal. Bookhard was informed of his right to file a pro se supplemental brief, which he failed to file. We affirm.

Bookhard contends that the district court improperly conducted the Rule 11 hearing in accepting his guilty plea. In reviewing the adequacy of compliance with Rule 11, this court accords great deference to the trial court's decision as to how best to conduct the colloquy with the defendant. See United States v. DeFusco , 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harmless error standard. See DeFusco, 949 F.2d at 117. This court may vacate a conviction resulting from a guilty plea only if the trial court's violation of Rule 11 affected the defendant's substantial rights. See id.

A review of the record discloses that the district court conducted a clear and thorough hearing, insuring that Bookhard understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, the impact of the Sentencing Guidelines, and the effect of the plea agreement. Further, the court ascertained that Bookhard's plea was voluntary and that a factual basis existed for his plea. We find that the district court fully complied with Rule 11, and that this claim is without merit. See DeFusco, 949 F.2d at 117. Further, we find that because Bookhard's substantial rights were not in any way compromised, any alleged error during the Rule 11 colloquy was harmless. See id.

2

Bookhard also contends that the district court misapplied the Sentencing Guidelines to the factual findings made at sentencing. In assessing the validity of a sentence, this court gives due deference to the district court's application of the Guidelines to the facts and accepts the findings of fact of the district court unless they are clearly erroneous. See 18 U.S.C. § 3742(e) (1994).

The sentencing court adopted the findings and information in the presentence report. In the presentence report, the probation officer correctly determined the base offense level to be thirty, to which a three point downward adjustment was applied for acceptance of responsibility. The probation officer correctly calculated the criminal history category to be I, resulting in a Guidelines range of seventy to eighty-seven months for the drug count and sixty months for the firearm count. At the sentencing hearing, the defendant did not make any objections or motions for departure. The court sentenced Bookhard at the bottom of the Guidelines range, imposing a sentence of seventy months for the drug count and a consecutive sentence of sixty months for the firearm count, followed by a four year supervised release period. Because we determine that the findings of fact upon which the sentencing court relied are not clearly erroneous, we must accept them. See United States v. Terry, 916 F.2d 157, 160 (4th Cir. 1990). Further, we find that the court did not abuse its discretion in relying on the information in the presentence report. See Terry, 916 F.2d at 160.

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. Accordingly, Bookhard's convictions and sentence are affirmed. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED